UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | | |
|---|---|---|
| ANTONIO DANIELS, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | Case No.: 1:14-cv-00380 (VEC) |
| | : | |
| v. | : | Honorable Valerie E. Caproni |
| | : | |
| EQUIFAX, INC.; EXPERIAN INFORMATION | : | |
| SOLUTIONS, INC.; and TRANS UNION LLC, | : | |
| | : | |
| Defendants. | : | |
| | : | |

-------------------------------------------------------------X

**<u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE
PORTIONS OF DEFENDANTS' ANSWERS AND AFFIRMATIVE DEFENSES AND
ESTABLISH ADMISSIONS TO ALLEGATIONS TO PLAINTIFF'S COMPLAINT</u>**

BRIAN L. PONDER, ESQ. (BP0696)
BRIAN PONDER LLP
200 Park Avenue
Suite 1700
New York, NY 10166
(646) 450-9461
(646) 607-9238 fax
brian@brianponder.com
*Attorney for the Plaintiff*

## TABLE OF CONTENTS

I.  STATEMENT OF FACTS..................................................................................8

II.  STATEMENT OF LAW...................................................................................9

III.  ARGUMENT.................................................................................................12

    A.  Defendants' Evasive Responses and Failure to properly Admit or Deny Plaintiff's Allegations Constitute Admissions of the Truth of the Underlying Allegations.........12

    B.  Defendants' Affirmative Defenses are Insufficient as a Matter of Law.....................14

        1.  Defendant's First Affirmative Defense is Insufficient as a Matter of Law...........15

        2.  TransUnion's and Experian's Second Affirmative Defense is Insufficient as a Matter of Law...............................................................................................16

        3.  Defendants' Remaining Affirmative Defenses are Insufficient as a Matter of Law..............................................................................................................17

IV.  CONCLUSION...............................................................................................21

**TABLE OF AUTHORITIES**

**Cases:**

Anchor Hocking Corp. v. Jacksonville Elec. Authority, 149 F. Supp. 992, 1000 (M.D. Fla. 1976).................................................................................................16, 17, 20, 21

Association of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007)...........................................................................................................15, 21

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).........................................................................................11, 15, 16, 21, 22

Bero v. Doherty, No. 93 C 4995, 1993 U.S. Dist. LEXIS 14946 (N.D. Ill. Oct. 20, 1993)...........13

David v. Crompton & Knowles Corp., 58 FR.D. 444, 446 (E.D. Pa. 1973)................................13

Dunlop v. Quality Springs Prods., Inc., No. K-75-51 C.A., 1975 U.S. Dist. LEXIS 12010 (W.D. Mich. June 6, 1975)......................................................................................14

EEOC v. First Nat 'Z Bank of Jackson, 614 F2d 1004 (5th Cir. 1980)........................................10

FDIC v. Main Hurdman, 65 5 F. Supp. 259 (E.D. Cal. 1987)...............................................10, 16

FTC v. Hang-up Art Enterprises, Inc., 1995 U.S. Dist. LEXIS 21444, at *8 (C.D. Cal. 1995).....................................................................................................10

GE Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1078 (7th Cir. 1997), accord SNAPP

Gilbert v. Eli Lilly Co., Inc., 56 F.R.D. 116, 124-25 (D.P.R. 1972)..............................................22

Gilbert v. Johnson, 127 F.R.D. 145, 146 (N.D. Ill 1989) (same); Reed v. Hickey, 2 F.R.D. 92 (D. Pa. 1941)......................................................................................14, 16, 17, 21

Greenbaum v. United States, 360 F. Supp. 784, 788 (E.D. Pa. 1973).........................................14

Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286 (7th Cir. 1989)..............10, 11

King Vision Pay Per View v. J.C. Dimitri's Restaurant, 180 F.R.D. 332, 333 (N.D. Ill. 1998)..............................................................................................................................13

Lipton Indus, Inc. v. Ralston Purina Co., 670 F.2d 1024, 1030 (C.C.P.A. 1982).........................13

Marina Bartashnik v. Bridgeview Bancorp, Inc., 2005 WL 3470315, *4 (N.D.Ill. 2005) (quoting Yash Raj Films Inc. v. Atlantic Video, 2004 WL 1200184 at *3 (N.D.Ill. May 28, 2004))..................................................................................................................................15

Renalds v. S.R.G. Restaurant Group, Chicago, LLC, 119 F.Supp.2d 800, 802, (N.D.Ill. 2000) (citing Heller, 883 F.2d at 1294) ............................................................................................11

Salem Engineering Co. National Supply Co., 75 F. Supp. 993, 996-1001 (W.D. Pa. 1948).................................................................................................................16, 17, 21

Santelli v. Electro-Motive, No. 97 C 5702, 1997 U.S. Dist. LEXIS 14799, at *2-*3.......16, 17, 21

Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez, 458 U.S. 592, 102 S.Ct. 3260, 73 L.Ed. 2d 995 (1982)................................................................................................................22, 23

Sony Pictures Entertainment, Inc. v. Fireworks Entertainment Group, Inc., 1 56 F. Sup. 2d 1148, 1154 (C.D. Cal. 2001), quoting Bureeron v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1986)..................................................................................................................................10

Specialty Minerals, Inc. v. Pluess-Staufer AG, 395 F. Supp. 2d 109, 111-12 (S.D.N.Y. 2005)...........................................................................................................16, 17, 20, 21

Surface Shields, Inc. v. Poly-Tak Protection Systems, Inc., 213 F.R.D. 307, 308 (N.D. Ill. 2003)..................................................................................................................................21

Voeks v. Wal-Mart Stores, Inc., 2008 WL 89434 (E.D. Wis. 2008)............................................15

<u>Williams v. Provident Inv. Counsel, Inc.</u>, 279 F.Supp.2d 894 (N.D.Ohio 2003)..........................11

<u>Yash Raj Films (USA) Inc. v. Atlantic Video,</u> No. 03 C 7069, 2004 WL 1200184 (N.D. Ill. May 28, 2004)......................................................................................................................................15

**<u>Federal Statutes</u>:**

15 U.S.C. § 1681 *et seq*...................................................................................................16, 17, 19

**<u>Rules:</u>**

Fed.R.Civ.P. 11............................................................................................................................13

Fed.R.Civ.P. 8(b)........................................................................6, 7, 9, 10, 11, 12, 13, 23, 24, 25

Fed.R.Civ.P. 8(b)(1)(A)...............................................................................................................10

Fed.R.Civ.P. 8(b)(1)(B)...............................................................................................................11

Fed.R.Civ.P. 8(b)(4)....................................................................................................................12

Fed.R.Civ.P. 8(b)(5)....................................................................................................................12

Fed.R.Civ.P. 9........................................................................................................................22, 23

Fed.R.Civ.P. 9(b)..........................................................................................................................23

Fed.R.Civ.P. 12(f)..........................................................................................6, 7, 8, 9, 10, 24, 25

NOW INTO COURT, through the undersigned counsel, Plaintiff ANTONIO DANIELS ("Plaintiff"), who respectfully moves this Court for an Order:

a.  establishing admissions by Defendant TRANS UNION LLC ("TransUnion") to Plaintiff's allegations contained in paragraphs 1, 2, 4, 5, 7, and 8 of Plaintiff's Complaint on the grounds that TransUnion failed to properly admit or deny the above-listed allegations in TransUnion's Answer, which does not conform to Federal law, specifically, Fed.R.Civ.P. 8(b);

b.  striking paragraphs 1, 2, 4, 5, 7, and 8 of TransUnion's Answer on the grounds that TransUnion failed to properly admit or deny Plaintiff's respective allegations in TransUnion's Answer, which does not conform to Federal law, specifically, Fed.R.Civ.P. 8(b);

c.  striking the fourteen (14) Affirmative Defenses asserted by TransUnion in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14 of TransUnion's Affirmative Defenses on the grounds that the fourteen (14) Affirmative Defenses asserted by TransUnion (i) are improper, (ii) assert defenses that are insufficient as a matter of law, (iii) include irrelevant or scandalous matter, (iv) do not conform to Federal law, specifically Fed.R.Civ.P. 12(f), and/or (v) would unduly prejudice Plaintiff's Complaint by broadening the issues of the case;

d.  establishing admissions by Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") to Plaintiff's allegations contained in paragraphs 1, 2, 4, 5, 7, and 8 of Plaintiff's Complaint on the grounds that Experian failed to properly admit or deny

the above-listed allegations in Experian's Answer, which does not conform to Federal law, specifically, Fed.R.Civ.P. 8(b);

e.   striking paragraphs 1, 2, 4, 5, 7, and 8 of Experian's Answer on the grounds that Experian failed to properly admit or deny Plaintiff's respective allegations in Experian's Answer, which does not conform to Federal law, specifically, Fed.R.Civ.P. 8(b);

f.   striking the twelve (12) Affirmative Defenses asserted by Experian in Experian's First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, and Twelfth Affirmative Defenses paragraphs on the grounds that the twelve (12) Affirmative Defenses asserted by Experian (i) are improper, (ii) assert defenses that are insufficient as a matter of law, (iii) include irrelevant or scandalous matter, (iv) do not conform to Federal law, specifically Fed.R.Civ.P. 12(f), and/or (v) would unduly prejudice Plaintiff's Complaint by broadening the issues of the case;

g.   establishing admissions by Defendant EQUIFAX INC. ("Equifax") to Plaintiff's allegations contained in paragraphs 2 of Plaintiff's Complaint on the grounds that Equifax failed to properly admit or deny the above-listed allegations in Equifax's Answer, which does not conform to Federal law, specifically, Fed.R.Civ.P. 8(b);

h.   striking paragraphs 2 of Equifax's Answer on the grounds that Equifax failed to properly admit or deny Plaintiff's respective allegations in Equifax's Answer, which does not conform to Federal law, specifically, Fed.R.Civ.P. 8(b); and

  i.  striking the eight (8) Affirmative Defenses asserted by Equifax in Equifax's First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Affirmative Defenses paragraphs on the grounds that the eight (8) Affirmative Defenses asserted by Equifax (i) are improper, (ii) assert defenses that are insufficient as a matter of law, (iii) include irrelevant or scandalous matter, (iv) do not conform to Federal law, specifically Fed.R.Civ.P. 12(f), and/or (v) would unduly prejudice Plaintiff's Complaint by broadening the issues of the case.

In support hereof, the following is respectfully submitted:

## I. STATEMENT OF FACTS

  Plaintiff filed his Complaint against Defendants on January 24, 2014.

  TransUnion filed its Answer to the Complaint on March 4, 2014.   TransUnion, in paragraphs 1, 2, 4, 5, 7, and 8 of its Answer, fails to properly admit or deny allegations set forth in Plaintiff's Complaint.   Further, TransUnion, in its Answer, pled fourteen (14) affirmative defenses in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14 of TransUnion's Affirmative Defenses that are insufficient defenses as a matter of law and/or redundant, immaterial, impertinent, or scandalous matter.

  Experian filed its Answer to the Complaint on March 5, 2014.  Experian, in paragraphs 1, 2, 4, 5, 7, and 8 of its Answer, fails to properly admit or deny allegations set forth in Plaintiff's Complaint.  Further, Experian, in its Answer, pled twelve (12) affirmative defenses in Experian's First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, and Twelfth

Affirmative Defenses paragraphs that are insufficient defenses as a matter of law and/or redundant, immaterial, impertinent, or scandalous matter.

Equifax filed its Answer to the Complaint on March 7, 2014.  Equifax, in paragraphs 2 of its Answer, fails to properly admit or deny allegations set forth in Plaintiff's Complaint.  Further, Equifax, in its Answer, pled eight (8) affirmative defenses in Equifax's First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Affirmative Defenses paragraphs that are insufficient defenses as a matter of law and/or redundant, immaterial, impertinent, or scandalous matter.

## II.   STATEMENT OF LAW

Plaintiff respectfully moves this Court, pursuant to Fed.R.Civ.P. 8(b) and 12(f), for an Order to (i) establish admissions by TransUnion to allegations in paragraphs 1, 2, 4, 5, 7, and 8 of Plaintiff's Complaint and strike paragraphs 1, 2, 4, 5, 7, and 8 of TransUnion's Answer, including TransUnion's fourteen (14) affirmative defenses, on the grounds of TransUnion's non-compliance with Fed.R.Civ.P. 8(b) and 12(f); (ii) establish admissions by Experian to allegations in paragraphs 1, 2, 4, 5, 7, and 8 of Plaintiff's Complaint and strike paragraphs 1, 2, 4, 5, 7, and 8 of Experian's Answer, including Experian's twelve (12) affirmative defenses, on the grounds of Experian's non-compliance with Fed.R.Civ.P. 8(b) and 12(f); and (iii) establish admissions by Equifax to allegations in paragraph 2 of Plaintiff's Complaint and strike paragraph 2 of Equifax's Answer, including Equifax's eight (8) affirmative defenses, on the grounds of Equifax's non-compliance with Fed.R.Civ.P. 8(b) and 12(f).

A motion to strike may be used to strike improper matters contained in a pleading. Fed.R.Civ.P. 12(f).   Pursuant to Rule 12(f), "[t]he court may strike from a pleading an

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f).  A Rule 12(f) motion serves to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sony Pictures Entertainment, Inc. v. Fireworks Entertainment Group, Inc., 1 56 F. Sup. 2d 1148, 1154 (C.D. Cal. 2001), quoting Bureeron v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1986); see Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286 (7th Cir. 1989) (motions to strike appropriate to remove unnecessary clutter from the case.)

A defense is properly stricken if it is insufficient as a matter of law. EEOC v. First Nat 'Z Bank of Jackson, 614 F2d 1004 (5th Cir. 1980); FTC v. Hang-up Art Enterprises, Inc., 1995 U.S. Dist. LEXIS 21444, at *8 (C.D. Cal. 1995).  A defense that might confuse the issues in the case, and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted. FDIC v. Main Hurdman, 65 5 F. Supp. 259 (E.D. Cal. 1987).

Rule 8 requires a short, plain statement of the defense.  Fed.R.Civ.P. 8(b)(1)(A).  While the statement must be short and plain, it must also provide   fair notice of the defense to the Plaintiff.  Courts have construed this requirement to mean that an affirmative defense must meet all the pleading requirements of Rule 8.

Likewise, the sufficiency of these defenses is tested under the same standard as a claim under Rule 12(b): (1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Fed.R.Civ.P. 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge--in other words, if it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the

complaint, the matter must be stricken as legally insufficient. Renalds v. S.R.G. Restaurant Group, Chicago, LLC, 119 F.Supp.2d 800, 802, (N.D.Ill. 2000) (citing Heller, 883 F.2d at 1294). Williams v. Provident Inv. Counsel, Inc., 279 F.Supp.2d 894 (N.D.Ohio 2003).

Thus, for purposes of the current standards, all affirmative defenses must comply with the standards in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007):

> *6 "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." Heller, 883 F.2d at 1294. Under Fed.R.Civ.P. 8(b), a defense must set forth a "short and plain statement" of the basis for the defense. See also Id. The parties dispute whether the pleading standard recently outlined in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) applies to affirmative defenses. The plaintiff contends that, as with complaints, affirmative defenses must also contain enough "[f]actual allegations ... to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. at 1965. In response, the defendants argue that the purpose of the pleading requirements, as they relate to affirmative defenses, is to give the plaintiff "fair notice" of the defenses being advanced. See Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir.1999). In Bowman, the court held that a "defendant must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." Id. The court also noted that "in some cases, merely pleading the name of the affirmative defense ... may be sufficient." Id. Despite the arguments of the parties to the contrary, the pleading requirements outlined in Twombly and Woodfield are not materially different. Rather, under both standards, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' "Erickson v. Pardus, --- U.S. ----, ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The degree of factual specificity required, if any, to provide the plaintiff with fair notice of the affirmative defense depends on the specific case and the specific defense being pled. (Emphasis added).

Further, Rule 8 provides, in relevant part, that a party responding to a pleading "must . . . admit or deny the allegations asserted against it by an opposing party." Fed.R.Civ.P. 8(b)(1)(B).

11

"A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." Fed.R.Civ.P. 8(b)(4).   "A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Fed.R.Civ.P. 8(b)(5).

## III.  ARGUMENT

### A. Defendants' Evasive Responses and Failure to properly Admit or Deny Plaintiff's Allegations Constitute Admissions of the Truth of the Underlying Allegations.

In paragraphs 1, 2, 4, 5, 7, and 8 of TransUnion's Answer, paragraphs 1, 2, 4, 5, 7, and 8 of Experian's Answer, and paragraph 2 of Equifax's Answer, which are all, respectively, in response to Plaintiff's allegations contained in the same numbered paragraphs of Plaintiff's Complaint, Defendants fail to properly admit or deny substantive allegations of Plaintiff's Complaint by stating that the allegation "are legal conclusions" or that it "is without" or "lacks knowledge of information at this time sufficient to form a belief about truth" of Plaintiff's allegation.   Defendants' answers do not properly "answer" the allegations in the respective above-listed allegations in Plaintiff's Complaint.   As such, the allegations should be deemed admissions by  the respective Defendants.

In sum, Defendants' responses in the above-referenced paragraphs of their respective Answers to the allegations in the same paragraphs of Plaintiff's Complaint are improper and evasive.  Fed.R.Civ.P. 8(b) requires that answers to complaints contain only admissions, denials, or denials based on a lack of knowledge or information sufficient to form a belief as to the truth of the averment.  This latter option is not available to defendants where the information is within

the defendant's own knowledge.  David v. Crompton & Knowles Corp., 58 FR.D. 444, 446 (E.D. Pa. 1973).   Defendants' responses in the above-listed paragraphs of their Answers are clearly insufficient in this regard and can only be interpreted as an attempt to evade the pleading requirements of Rule 8(b).  Santelli v. Electro-Motive, No. 97 C 5702, 1997 U.S. Dist. LEXIS 14799, at *2-*3.

An answer that attempts to evade the pleading requirements of Rule 8(b) by a tactic of equivocal admission or denial constitutes an admission.  King Vision Pay Per View v. J.C. Dimitri's Restaurant, 180 F.R.D. 332, 333 (N.D. Ill. 1998) (where 30 responses of 35 paragraphs contained answer in direct violation of FRCP 8(b), court deemed allegations corresponding to those inappropriate answers to be admitted); Lipton Indus, Inc. v. Ralston Purina Co., 670 F.2d 1024, 1030 (C.C.P.A. 1982).  Such a conclusion is strengthened where the defendant clearly has the knowledge necessary to be able to admit or deny the allegation. See, e.g., David, 58 F.R.D. at 446 ("averment will be deemed admitted when the matter is obviously one as to which defendant has knowledge or information").  Indeed, Defendants' responses are clearly designed to evade responding to the allegations of Plaintiff's Complaint, and evade Fed.R.Civ.P. 11 violations, by placing the burden on Plaintiff to prove the allegations prior to Defendants taking a stance regarding the truth or falsity of the respective allegations.  Hence, Defendants' responses that these allegations are apparently based upon a denial of knowledge or information sufficient to form a belief is logically equivalent to Defendants refusing to admit or deny but demanding "strict proof" of the allegations.  However, such pleading is not permitted under Fed.R.Civ.P. 8(b).  Bero v. Doherty, No. 93 C 4995, 1993 U.S. Dist. LEXIS 14946 (N.D. Ill. Oct. 20, 1993), at

*2 (attempt to avoid admitting or denying allegations by stating that defendants "demand[ ] strict proof" impermissible) (citation omitted); Gilbert v. Johnson, 127 F.R.D. 145, 146 (N.D. Ill 1989) (same); Reed v. Hickey, 2 F.R.D. 92 (D. Pa. 1941) (answer that averments are neither admitted nor denied, but proof thereof is demanded is insufficient); Dunlop v. Quality Springs Prods., Inc., No. K-75-51 C.A., 1975 U.S. Dist. LEXIS 12010, at *1 (W.D. Mich. June 6, 1975) (paragraphs in defendant's answer which state that defendant "neither admits nor denies legal conclusions alleged" are insufficient to constitute defense to allegations of complaint) (citations omitted). The underlying rationale for such decision is that defendants are obligated to answer not based upon what plaintiffs will ultimately be able to prove, but upon the truth of the matter.   Indeed, Defendants are under an obligation to conduct a reasonable investigation to determine the truth or falsity of Plaintiff's allegations and will be deemed to have admitted the allegations where it fails to do so. Greenbaum v. United States, 360 F. Supp. 784, 788 (E.D. Pa. 1973) (government was held to admission that plaintiff was a business invitee, since government failed to undertake even minimal investigation and failed to examine available, highly relevant government documents which would have given basis for belief that plaintiff was not business invitee).

Here, Defendants have either (1) made no attempt to conduct an investigation of witnesses or internal documents or (2) have purposefully evaded admitting the truth of Plaintiff's allegations after having obtained knowledge of their accuracy.   In either case, this Court should order all allegations not properly denied in the herein stated paragraphs of the Complaint to be admitted.

**B.  Defendants' Affirmative Defenses are Insufficient as a Matter of Law**

14

TransUnion asserted fourteen (14) affirmative defenses in its Answer to Plaintiff's Complaint. Experian asserted twelve (12) affirmative defenses in its Answer to Plaintiff's Complaint.   Equifax asserted eight (8) affirmative defenses in its Answer to Plaintiff's Complaint. Therein, Defendants collectively have failed "to set forth any allegations beyond barebones legal conclusions." Marina Bartashnik v. Bridgeview Bancorp, Inc., 2005 WL 3470315, *4 (N.D.Ill. 2005) (quoting Yash Raj Films Inc. v. Atlantic Video, 2004 WL 1200184 at *3 (N.D.Ill. May 28, 2004)).   "[S]tringing together a list of legal defenses is not sufficient to satisfy Rule 8(a)." Yash Rah Films, 2004 WL 1200184 at *3.  Such being the case, these defenses will be stricken without prejudice. Voeks v. Wal-Mart Stores, Inc., 2008 WL 89434 (E.D. Wis. 2008).  Thus, a pleading must set forth sufficient facts to provide fair notice of the nature of the defense.

A complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." Twombly, 127 S.Ct. at 1974.  Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65; see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007).  Under Twombly, no longer is it sufficient to show just a possible claim under the "no set of facts" standard, but rather a pleader must allege the defense to be plausible based upon facts alleged.

**1.  Defendants' First Affirmative Defense is Insufficient as a Matter of Law**

In Defendants' "First Affirmative Defense" they all state that Plaintiff "fail[] to state a claim . . . upon which relief may be granted."   The Court should recognize that Plaintiff has set

forth facts and identified specific legal theories of liability.  Specifically, Plaintiff has alleged an actionable cause of action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, ("FCRA") in Count I of his Complaint.  No longer is it sufficient to show just a possible claim under the "no set of facts" standard, but rather a pleader must allege the defense based upon facts alleged.  Twombly.  A defense that might confuse the issues in the case, and would not, under the facts alleged, constitute a defense to the action can and should be deleted.  FDIC v. Main Hurdman, 65 5 F. Supp. 259 (E.D. Cal. 1987).  Defendants have not plead in said affirmative defense that the allegations cited in Count I are not present.  Therefore, Defendants' insufficient "First Affirmative Defense" in paragraph 1 of their Defenses or Affirmative Defenses section of their respective Answers should be stricken from the record.  See Specialty Minerals, Inc. v. Pluess-Staufer AG, 395 F. Supp. 2d 109, 111-12 (S.D.N.Y. 2005) (insufficient defense was stricken); Anchor Hocking Corp. v. Jacksonville Elec. Authority, 149 F. Supp. 992, 1000 (M.D. Fla. 1976) (insufficient affirmative defenses were stricken); Gilbert v. Eli Lilly Co., Inc., 56 F.R.D. 116, 124-25 (D.P.R. 1972) (improper affirmative defense was stricken); Salem Engineering Co. National Supply Co., 75 F. Supp. 993, 996-1001 (W.D. Pa. 1948) (invalid defense was stricken).

### 2.  TransUnion's and Experian's Second Affirmative Defense is Insufficient as a Matter of Law

In TransUnion's and Experian's "Second Affirmative Defense," they state "Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, _ *et seq*."  The Court should recognize that Plaintiff set out facts in its Complaint for a

federal question claim under the FCRA in Count I of Plaintiff's complaint, and that Plaintiff did not assert state law claims against Defendants, namely TransUnion and Experian. Notwithstanding the above fact, without indicating the "who, what, when, where, and how," Defendant simply gives the "bare bones legal conclusion."   Therefore, TransUnion's and Experian's insufficient "Second Affirmative Defense" in their respective Answers should be stricken from the record. See Specialty Minerals, Inc. v. Pluess-Staufer AG, 395 F. Supp. 2d 109, 111-12 (S.D.N.Y. 2005) (insufficient defense was stricken); Anchor Hocking Corp. v. Jacksonville Elec. Authority, 149 F. Supp. 992, 1000 (M.D. Fla. 1976) (insufficient affirmative defenses were stricken); Gilbert v. Eli Lilly Co., Inc., 56 F.R.D. 116, 124-25 (D.P.R. 1972) (improper affirmative defense was stricken); Salem Engineering Co. National Supply Co., 75 F. Supp. 993, 996-1001 (W.D. Pa. 1948) (invalid defense was stricken).

### 3.   Defendants' Remaining Affirmative Defenses are Insufficient as a Matter of Law

Defendants' remaining affirmative defenses state as follows:

a.   TransUnion: "3. Trans Union's reports concerning Plaintiff were true or substantially true[;] 4. Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff[;] 5. Plaintiff's claims are barred, in whole or in part, by the applicable statue of limitations[;] 6. Plaintiff's claims are barred, in whole or in part by 15 U.S.C. §§ 1681h(e) and/or 1681t[;] 7. At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the

common law[;] 8. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches[;] 9. Plaintiff has failed to take reasonable steps to mitigate his damages, if any[;] 10. Plaintiff's damages are the result of acts or omissions committed by Plaintiff[;] 11. Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control[;] 12. Plaintiff's damages are the result of acts or omission committed by non-parties to this action over whom Trans Union has no responsibility or control[;] 13. Any claim for exemplary or punitive damages asserted by Plaintiff violated Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions[; and] 14. Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery."

b.  Experian: "Third . . . All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true[;] Fourth . . . Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor

18

responsibility[;] Fifth . . . Plaintiff's Complaint is frivolous and was filed and is being pursued maliciously[;] Sixth . . . The Complaint and each claim for relief therein is barred by laches[;] Seventh . . . Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at lease in part, caused by the actions of Plaintiff herself [sic] and resulted from Plaintiffs [sic] own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian[;] Eighth . . . Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.   Therefore, Plaintiff is estopped and barred from recovery of any damages[;] Ninth . . . Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p[;] Tenth . . . The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands[;] Eleventh . . . All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e)[;] Twelfth . . . Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case."

c.  Equifax: "Second . . . Plaintiff's damages, if any, were not caused by Equifax, Inc., but by another person or entity for whom or for which Equifax, Inc. is not responsible[;]   Third . . . Equifax Inc. is not a consumer reporting agency as

defined under the Fair Credit Reporting Act[;] Fourth . . . To the extent Plaintiff's Complaint seeks the imposition of punitive damages, Equifax Inc. adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following Cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003) and *SAFECO Insurance Co. of America v. Burr*, 127 S. Ct. 2201 (2007)[;] Fifth . . . Plaintiff cannot establish the standard of willfulness under the Fair Credit Reporting Act as articulated by the Supreme Court in Safeco Insurance Co. of America v. Burr, 127 S. Ct. 2201 (2007)[;] Sixth . . . Equifax Inc. is not a proper party[;] Seventh . . . At all relevant times herein, the Plaintiff's alleged damages, which Equifax Inc. denies exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same.  Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses[;] Eighth . . . Equifax Inc. reserves the right to assert additional defenses that it learns through the course of discovery."

The Court should recognize that Defendants, again, without indicating the "who, what, when, where, and how," simply give the "bare bones legal conclusion." Therefore, Defendants' insufficient above-listed Affirmative Defenses contained in the Defendants' respective Answers should be stricken from the record. See Specialty Minerals, Inc. v. Pluess-Staufer AG, 395 F.

Supp. 2d 109, 111-12 (S.D.N.Y. 2005) (insufficient defense was stricken); Anchor Hocking Corp. v. Jacksonville Elec. Authority, 149 F. Supp. 992, 1000 (M.D. Fla. 1976) (insufficient affirmative defenses were stricken); Gilbert v. Eli Lilly Co., Inc., 56 F.R.D. 116, 124-25 (D.P.R. 1972) (improper affirmative defense was stricken); Salem Engineering Co. National Supply Co., 75 F. Supp. 993, 996-1001 (W.D. Pa. 1948) (invalid defense was stricken).

Further, herein, Defendants do not give "operative facts" supporting said contentions associated with their aforementioned affirmative defenses.   A party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65; see also Association of Cleveland Firefighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir.2007). Therefore, Defendants' insufficient collective affirmative defenses in their respective Answers should be stricken from the record. See Specialty Minerals, Inc. v. Pluess-Staufer AG, 395 F. Supp. 2d 109, 111-12 (S.D.N.Y. 2005) (insufficient defense was stricken); Anchor Hocking Corp. v. Jacksonville Elec. Authority, 149 F. Supp. 992, 1000 (M.D. Fla. 1976) (insufficient affirmative defenses were striken); Gilbert v. Eli Lilly Co., Inc., 56 F.R.D. 116, 124-25 (D.P.R. 1972) (improper affirmative defense was striken); Salem Engineering Co. National Supply Co., 75 F. Supp. 993, 996-1001 (W.D. Pa. 1948) (invalid defense was stricken).

## IV.  CONCLUSION

Simply parroting the language of statutory defenses does not satisfy the liberal pleading standard or Fed.R.Civ.P. 8.   Surface Shields, Inc. v. Poly-Tak Protection Systems, Inc., 213 F.R.D. 307, 308 (N.D. Ill. 2003).   Defendants have failed to plead the "who, what, where, and

when" of their defenses, and its blanket denials fail to satisfy the heightened pleading standard of Fed.R.Civ.P. 9.  See Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez, 458 U.S. 592, 102 S.Ct. 3260, 73 L.Ed.2d 995 (1982).  In this case, the bare bones pleading of the Defendant in its answer fails the test of both Fed.R.Civ.P. 8 and Fed.R.Civ.P. 9.

While a bona fide affirmative defense may be raised in response to each allegation, the manner in which that defense would be proven in relation to the different claims would be unique to the specific allegation.  Put another way, each instance of the defense would require different proofs.  Thus, setting forth the bare legal conclusion of a bona fide defense provides no information from which Plaintiff could even begin to understand how this defense would be applicable.

Defendants' collective affirmative defenses fail to set forth which claims and factual allegations are subject to said affirmative defenses.  No persons, places, or events are mentioned, rather, only conclusory statements are offered.  This is insufficient to apprise the Plaintiff of the nature of the defense.  Likewise, it is impossible to tell what Defendants claim as insulation from liability under the provisions of the FCRA.

Defendants' "obligation to provide the 'grounds' of [its] 'entitlement to relief' requires more than labels and conclusions[.]" Bell Atlantic Corp. v. Twonbly, 127 S. Ct. 1955, 1964-65 (2007) ( emphasis added).  In order to meet its minimal pleading burden, Defendants must allege the "operative facts" of its defense(s) in order to meet Fed.R.Civ.P. 8 and Twombly's requirements.  Additionally, "[p]articularity" as used in Fed.R.Civ.P. 9(b) means "the who, what, when, where, and how of the defense: the first paragraph of any newspaper story." GE Capital

Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1078 (7th Cir. 1997), accord Alfred L. Snapp &

Son, Inc. v. Puerto Rico ex rel. Barez, 458 U.S. 592, 102 S.Ct. 3260, 73 L.Ed.2d 995 (1982).

Defendants' collective affirmative defenses fail to do this, but if they did, they would still

be inadequately pleaded under Fed.R.Civ.P. 9(b), as mere notice of the basis of a defense does

not meet the requirements of Fed.R.Civ.P. 9(b).   Plaintiff is entitled under Fed.R.Civ.P. 9(b) to

know what the alleged defense was, who made it, when it happened, where it happened, and how

it happened.   Thus, Defendants' collective affirmative defenses should be stricken by the Court

under Fed.R.Civ.P. 8 and 9 for failure to include any required allegations of fact substantiating

each and every one of the affirmative defenses, which are legally insufficient, irrelevant,

immaterial, impertinent, scandalous, and/or would lead to unnecessary and burdensome

discovery, all  of which would unduly prejudice Plaintiff.

Based on the foregoing, Plaintiff respectfully requests that this Honorable Court grant his

motion for an Order:

a.  establishing admissions by Defendant TRANS UNION LLC ("TransUnion") to
    Plaintiff's allegations contained in paragraphs 1, 2, 4, 5, 7, and 8 of Plaintiff's
    Complaint on the grounds that TransUnion failed to properly admit or deny the
    above-listed allegations in TransUnion's Answer, which does not conform to Federal
    law, specifically, Fed.R.Civ.P. 8(b);

b.  striking paragraphs 1, 2, 4, 5, 7, and 8 of TransUnion's Answer on the grounds that
    TransUnion failed to properly admit or deny Plaintiff's respective allegations in

TransUnion's Answer, which does not conform to Federal law, specifically, Fed.R.Civ.P. 8(b);

c.  striking the fourteen (14) Affirmative Defenses asserted by TransUnion in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14 of TransUnion's Affirmative Defenses on the grounds that the fourteen (14) Affirmative Defenses asserted by TransUnion (i) are improper, (ii) assert defenses that are insufficient as a matter of law, (iii) include irrelevant or scandalous matter, (iv) do not conform to Federal law, specifically Fed.R.Civ.P. 12(f), and/or (v) would unduly prejudice Plaintiff's Complaint by broadening the issues of the case;

d.  establishing admissions by Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") to Plaintiff's allegations contained in paragraphs 1, 2, 4, 5, 7, and 8 of Plaintiff's Complaint on the grounds that Experian failed to properly admit or deny the above-listed allegations in Experian's Answer, which does not conform to Federal law, specifically, Fed.R.Civ.P. 8(b);

e.  striking paragraphs 1, 2, 4, 5, 7, and 8 of Experian's Answer on the grounds that Experian failed to properly admit or deny Plaintiff's respective allegations in Experian's Answer, which does not conform to Federal law, specifically, Fed.R.Civ.P. 8(b);

f.  striking the twelve (12) Affirmative Defenses asserted by Experian in Experian's First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, and Twelfth Affirmative Defenses paragraphs on the grounds that the twelve (12)

24

Affirmative Defenses asserted by Experian (i) are improper, (ii) assert defenses that are insufficient as a matter of law, (iii) include irrelevant or scandalous matter, (iv) do not conform to Federal law, specifically Fed.R.Civ.P. 12(f), and/or (v) would unduly prejudice Plaintiff's Complaint by broadening the issues of the case;

g.  establishing admissions by Defendant EQUIFAX INC. ("Equifax") to Plaintiff's allegations contained in paragraphs 2 of Plaintiff's Complaint on the grounds that Equifax failed to properly admit or deny the above-listed allegations in Equifax's Answer, which does not conform to Federal law, specifically, Fed.R.Civ.P. 8(b);

h.  striking paragraphs 2 of Equifax's Answer on the grounds that Equifax failed to properly admit or deny Plaintiff's respective allegations in Equifax's Answer, which does not conform to Federal law, specifically, Fed.R.Civ.P. 8(b); and

i.  striking the eight (8) Affirmative Defenses asserted by Equifax in Equifax's First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Affirmative Defenses paragraphs on the grounds that the eight (8) Affirmative Defenses asserted by Equifax (i) are improper, (ii) assert defenses that are insufficient as a matter of law, (iii) include irrelevant or scandalous matter, (iv) do not conform to Federal law, specifically Fed.R.Civ.P. 12(f), and/or (v) would unduly prejudice Plaintiff's Complaint by broadening the issues of the case.

Respectfully submitted,

Dated: New York, New York        By:     s/ Brian L. Ponder
        March 11, 2014                    BRIAN L. PONDER, ESQ. (BP0696)
                                          BRIAN PONDER LLP
                                          200 Park Avenue, Suite 1700
                                          New York, New York 10166
                                          (646) 450-9461
                                          (646) 607-9238 fax
                                          brian@brianponder.com
                                          *Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I, Brian L. Ponder, Esq., hereby certify that a copy of the above foregoing document has been served upon all counsel of record by electronically filing the same pursuant to the CM/ECF system this 11th day of March, 2014.

Dated: New York, New York        By:     s/ Brian L. Ponder
        March 11, 2014                    BRIAN L. PONDER, ESQ.

26